# United States District Court
## for the
### Eastern District of New York

| | |
|---|---|
| MICHELLE OLMO and JOVANI PADIN, <br><br> Plaintiffs, <br><br> - against - <br><br> THE CITY OF NEW YORK, SGT. CHARLES STARLING, Shield #23775, individually and in his official capacity; OFFICER WILLIAM CZECH, SHIELD #23168; OFFICER MUHAMMAD UDDIN, SHIELD #23807; OFFICER JORGE CASTRO, SHIELD #9689; OFFICER JAMES SHAW, SHIELD #21316; SGT. ANGEL VASQUEZ, SHIELD #2217, individually and in their official capacities, <br><br> Defendants. | Civil Action No: 14 CV 7518 (BMC) <br><br> **AMENDED SUMMONS IN A CIVIL ACTION** |

**TO:** ZACHARY W. CARTER, ESQ.
THE CITY OF NEW YORK LAW DEPARTMENT
100 Church Street, 4th Fl.
New York, NY 10007

SGT. CHARLES STARLING, SHIELD #23775
New York Police Department, 6th Precinct
233 West 10th Street
New York, NY 10014-2978

OFFICER WILLIAM CZECH, SHIELD #23168
New York Police Department, 78th Precinct
65 Sixth Avenue
Brooklyn, NY 11217

OFFICER MUHAMMAD UDDIN, SHIELD #23807
New York Police Department, 20th Precinct
120 West 82nd Street
New York, NY 10024

OFFICER JORGE CASTRO, SHIELD #9689
New York Police Department, 73rd Precinct
1470 East New York Avenue
Brooklyn, NY 11212

OFFICER JAMES SHAW, SHIELD #21316
New York Police Department, 88th Precinct
298 Classon Avenue
Brooklyn, NY 11205

SGT. ANGEL VASQUEZ, SHIELD #2217
New York Police Department, 75th Precinct
1000 Sutter Avenue
Brooklyn, NY 11208

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiffs an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiffs or plaintiffs' attorney, whose name and address are:

> OKUN, ODDO, & BABAT, P.C.
> Attorneys for Plaintiffs
> MICHELLE OLMO and JOVANI PADIN
> 8 West 38th Street, Suite 1002
> New York, New York 10018
> (212) 642-0950

If you fail to respond, judgment will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk of Court

Date:_____

_____
Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE OLMO and JOVANI PADIN,<br><br>                                              Plaintiffs,<br><br>- against -<br><br>THE CITY OF NEW YORK, SGT. CHARLES STARLING, Shield #23775, individually and in his official capacity; OFFICER WILLIAM CZECH, SHIELD #23168; OFFICER MUHAMMAD UDDIN, SHIELD #23807; OFFICER JORGE CASTRO, SHIELD #9689; OFFICER JAMES SHAW, SHIELD #21316; SGT. ANGEL VASQUEZ, SHIELD #2217, individually and in their official capacities,<br><br>                                                Defendants. | Civil Action No: 14 CV 7518 (BMC)<br><br>**AMENDED VERIFIED COMPLAINT**<br><br>Jury Trial Demanded<br><br>ECF CASE |

Plaintiffs, MICHELLE OLMO and JOVANI PADIN, by their attorneys, OKUN, ODDO & BABAT, P.C., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, MICHELLE OLMO, is, and has been, at all relevant times, a resident of the State of New York, County of Kings.

7. Plaintiff, JOVANI PADIN, is, and has been, at all relevant times, a resident of the State of New York, County of Kings.

8. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

10. At all times hereinafter mentioned, the individually named defendants, SGT. CHARLES STARLING, SHIELD #23775, OFFICER WILLIAM CZECH, SHIELD #23168, OFFICER MUHAMMAD UDDIN, SHIELD #23807, OFFICER JORGE CASTRO, SHIELD #9689, OFFICER JAMES SHAW, SHIELD #21316, SGT. ANGEL VASQUEZ, SHIELD #2217, individually and in their official capacity, were duly sworn law enforcement officers of

said departments and were acting under the supervision of said departments and according to their official duties.

11. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

14. On or about July 14, 2013, at approximately 7:30 p.m., plaintiff, JOVANI PADIN was lawfully present in the vicinity of 400 Williams Avenue in Kings County in the State of New York.

15. On or about July 14, 2013, at approximately 7:30 p.m., plaintiff, MICHELLE OLMO, was lawfully present in the vicinity of 400 Williams Avenue in Kings County in the State of New York.

16. At that time and place, the above named individual officers approached the plaintiff, MICHELLE OLMO, pushed her and held her against a wall, and handcuffed her arms tightly behind her back.

17. As a result of the foregoing, plaintiff, MICHELLE OLMO, suffered a severe asthma attack.

18. At that time and place, the above named individual officers, approached the plaintiff, JOVANI PADIN, placed him in a chokehold, threw him to the ground and handcuffed his arms tightly behind his back.

19. As a result of the foregoing, plaintiff, JOVANI PADIN, suffered a seizure.

20. At no time on July 14, 2013 did the defendant officers possess justification to use such force against plaintiff, JOVANI PADIN, and the application of such force was objectively unreasonable under the circumstances prevailing then and there.

21. At no time on July 14, 2013 did the defendant officers possess justification to use such force against plaintiff, MICHELLE OLMO, and the application of such force was objectively unreasonable under the circumstances prevailing then and there.

22. Thereafter, the plaintiff, JOVANI PADIN, was transported to Brookdale Hospital for treatment of his injuries, before being transported to the 75th precinct.

23. The plaintiff, MICHELLE OLMO, was transferred directly to the 75th police precinct, without being afforded any medical treatment.

24. At no time on July 14, 2013 did plaintiff, MICHELLE OLMO, commit any crime or violation of law.

25. At no time, did the defendant police officers have probable cause to place plaintiff, MICHELLE OLMO, under arrest.

26. At no time, did the defendant police officers have information that would lead a reasonable police officer to believe that probable cause existed to place, plaintiff, MICHELLE OLMO, under arrest.

27. As a result of the defendants' conduct, the plaintiff, MICHELLE OLMO, was charged with one count each of resisting arrest, obstruction of governmental administration in the second degree, and disorderly conduct.

28. At no time on July 14, 2013 did plaintiff, MICHELLE OLMO, throw punches at police or resist arrest.

29. At no time on July 14, 2013 did plaintiff, MICHELLE OLMO, obstruct governmental administration.

30. At no time on July 14, 2013 did plaintiff, MICHELLE OLMO, exhibit disorderly conduct.

31. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff, MICHELLE OLMO, spent approximately 26 hours in custody.

32. Additionally, as a direct result of the defendants' unlawful actions, plaintiffs spent approximately nine (9) months, making numerous court appearances.

33. Despite defendants actions, all charges against plaintiff, MICHELLE OLMO, were dismissed on or about October 15, 2014.

34. As a result of the foregoing, plaintiff, JOVANI PADIN, sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

35. As a result of the foregoing, plaintiff, MICHELLE OLMO, sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

36. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiff, MICHELLE OLMO and JOVANI PADIN, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York, the New York City Police Department, and the New York City Police Department, all under the supervision of ranking officers of said departments.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

41. Plaintiffs, MICHELLE OLMO and JOVANI PADIN, repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered 1 through 40 with the same force and effect as if fully set forth herein.

42. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiffs.

43. Specifically, the defendants utilized excessive force in placing plaintiff, JOVANI PADIN, in a chokehold, throwing him on the ground, and handcuffing his arms tightly behind his back, causing him to suffer a seizure.

44. Specifically, the defendants utilized excessive force in handcuffing the plaintiff, MICHELLE OLMO, in pushing and holding her against the wall, in handcuffing her arms tightly behind her, and in failing to afford her necessary medical attention at the scene.

45. As a result of the foregoing, the plaintiffs, MICHELLE OLMO and JOVANI PADIN, sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

46. Plaintiffs, MICHELLE OLMO and JOVANI PADIN, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

47. Defendants failed to intercede to prevent or mitigate the injuries suffered by plaintiffs as described above.

48. Defendant officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiffs as described above.

49. As a result of the foregoing, plaintiffs, MICHELLE OLMO and JOVANI PADIN, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

50. Plaintiff, MICHELLE OLMO, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 49 with the same force and effect as if fully set forth herein.

51. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege or consent.

52. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

53. Plaintiff, MICHELLE OLMO, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 52 with the same force and effect as if fully set forth herein.

54. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

55. Defendants did not make a complete and full statement of facts to the District Attorney.

56. Defendants withheld exculpatory evidence from the District Attorney.

57. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, MICHELLE OLMO.

58. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, MICHELLE OLMO.

59. Defendants acted with malice in initiating criminal proceedings against plaintiff, MICHELLE OLMO.

60. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, MICHELLE OLMO.

61. Defendants lacked probable cause to continue criminal proceedings against plaintiff, MICHELLE OLMO.

62. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

63. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff, MICHELLE OLMO, threw punches at police officers.

64. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff, MICHELLE OLMO's, favor on October 15, 2014 when all charges against her were dismissed.

65. As a result of the foregoing, the liberty of plaintiff, MICHELLE OLMO, was restricted for an extended period of time, he was put in fear for his safety, and he sustained, *inter alia*, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## FOR DELIBERATE INDIFFERENCE TO MEDICAL NEEDS
## UNDER 42 U.S.C § 1983

66. Plaintiff, MICHELLE OLMO, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 65 as if the same were more fully set forth at length herein.

67. By refusing to provide plaintiff, MICHELLE OLMO, with medical care, despite her requests, and apparent inability to breathe, defendants demonstrated indifference to serious medical needs, in violation of the Fourth Amendment of the United States Constitution.

68. As a result of the foregoing, plaintiff, MICHELLE OLMO, suffered an asthma attack, and experienced difficulty breathing for an extended period of time, was put in fear for her safety, and she sustained, *inter alia*, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

## SIXTH CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY
## UNDER 42 U.S.C § 1983

69. Plaintiffs, MICHELLE OLMO and JOVANI PADIN, repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 68 as if the same were more fully set forth at length herein.

70. Defendants arrested and incarcerated plaintiff, MICHELLE OLMO, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

71.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

72.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said departments.

73.     The aforesaid customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i.     arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii.    arresting individuals regardless of probable cause in order to cover-up police misconduct

   iii.   falsifying evidence and testimony to support those arrests;

   iv.    falsifying evidence and testimony to cover-up police misconduct.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department led directly to officers of those institutions expressing deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, MICHELLE OLMO and JOVANI PADIN.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, JOVANI PADIN AND MICHELLE OLMO.

76. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs, MICHELLE OLMO and JOVANI PADIN, as alleged herein.

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs, MICHELLE OLMO and JOVANI PADIN, as alleged herein.

78. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff, MICHELLE OLMO, was incarcerated unlawfully.

79. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs, MICHELLE OLMO and JOVANI PADIN.

80. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the constitutional rights of MICHELLE OLMO and JOVANI PADIN.

81. All of the foregoing acts by defendants deprived plaintiff, MICHELLE OLMO, of federally protected rights, including, but not limited to, the rights:

    i.     not to be deprived of liberty without due process of law;

    ii.     to be free from seizure and arrest not based upon probable cause;

    iii.     to be free from unwarranted and malicious criminal prosecution;

  iv. not to have excessive force exerted upon them;

  v. to be afforded a fair trial.

  vi. to be afforded necessary medical attention while in custody of the state.

 82. All of the foregoing acts by defendants deprived plaintiffs, MICHELLE OLMO and JOVANI PADIN, of federally protected rights, including, but not limited to, the rights not to have excessive force exerted upon them.

 **WHEREFORE**, the plaintiffs, MICHELLE OLMO and JOVANI PADIN, respectfully request judgment against defendants as follows:

  i. an order awarding compensatory damages in an amount to be determined at trial;

  ii. an order awarding punitive damages in an amount to be determined at trial;

  iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

  iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
   March 27, 2015

                OKUN, ODDO & BABAT, P.C.

              By: _____
                Eric M. Babat, Esq. (EMB-5573)
                Attorneys for Plaintiffs
                MICHELLE OLMO and
                JOVANI PADIN
                8 West 38th Street, 10th Fl.
                New York, New York 10018
                (212) 642-0950
                File: 9747

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE OLMO and JOVANI PADIN,<br><br>               Plaintiffs,<br><br>- against -<br><br>THE CITY OF NEW YORK, SGT. CHARLES STARLING, Shield #23775, individually and in his official capacity; OFFICER WILLIAM CZECH, SHIELD #23168; OFFICER MUHAMMAD UDDIN, SHIELD #23807; OFFICER JORGE CASTRO, SHIELD #9689; OFFICER JAMES SHAW, SHIELD #21316; SGT. ANGEL VASQUEZ, SHIELD #2217, individually and in their official capacities,<br><br>               Defendants. | Civil Action No: 14 CV 7518 (BMC)<br><br>**VERIFICATION** |

STATE OF NEW YORK  )
           : ss.:
COUNTY OF NEW YORK )

   The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms under the penalties of perjury as follows:

   That affirmant is the attorney for the plaintiffs in the within action; that affirmant has read the foregoing AMENDED COMPLAINT and knows the contents thereof; that the same is true to affirmant's knowledge, except the matters stated to be alleged on information and belief, and that those matters affirmant believes to be true. The reason this verification is made by affirmant and not by the plaintiffs is that the plaintiffs do not reside in the County in which affirmant maintains an office. The grounds of belief as to all matters not stated upon affirmant's knowledge are documents, correspondence and records maintained in affirmant's files and conversations and conferences had with the plaintiffs.

Dated: New York, New York
     March 27, 2015

                           _____
                           ERIC M. BABAT (EMB-5573)